IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH B. BURKINS, #1013686, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:00-CV-2377-M |
| | ) | |
| RODGER A. RUDLOFF, et al., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Gurney Unit of the Texas Department of Criminal Justice – Institutional Division in Tennessee Colony, Texas. Defendants are Officer Roger A. Rudloff and Dallas Chief of Police Terrell Bolton. The court has not issued process in this case. However, on January 20, 2001, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers on February 14, 2001, and February 23, 2001.[1]

Statement of Case: The complaint, supplemented by the answers to the magistrate

---

[1] Although submitted on separate days, Plaintiff's answers to the questionnaire are identical.

judge's questionnaire, alleges that on November 17, 1999, Officer Rudloff used excessive force during Plaintiff's arrest. (Complaint at 4). The complaint further alleges that Chief Bolton denied Plaintiff access to records of the internal investigation in violation of the Texas Open Records Act, and that he failed to train Rudloff. (Complaint at 4 and Answer to Question 9). Plaintiff seeks compensatory damages. He also requests the court to "press charges" against the Defendants. (Complaint at 4).

Based upon the allegations in the complaint and in the answers to the magistrate judge's questionnaire the material facts on which Plaintiff's excessive force claim is predicated are as follows: Plaintiff alleges that Rudloff repeatedly beat him in the head with a flash light or club until he became unconscious. (Answer to Question 2). Plaintiff concedes that he "panicked and snatched his arms to free myself, and when I did officer Rudloff fell to his back side." (Id.). Plaintiff then "ran to where someone could see and laid down to wait for officer Rudloff to catch up." (Id.). When Officer Rudloff caught up with Plaintiff, he began hitting Plaintiff in the head, knocking him unconscious. Rudloff then proceeded to beat Plaintiff in his knees, back, neck. Following his arrest, Plaintiff was treated at Baylor Hospital where a cat scan was performed and staples were placed in his head. (Id.).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

Plaintiff seeks to sue Chief Bolton for violation of the Texas Open Records Act and for failure to train. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254, 101 L. Ed. 2d 40 (1988).

Plaintiff's claim under the Texas Open Records Act for denial of access to city police records does not state a colorable claim for relief under either the Constitution or federal law. Since this is not a cognizable federal claim, Plaintiff cannot use § 1983 as a means to vindicate the violation of his alleged rights. Such a claim must be raised, if at all, in a Texas state court.

3

Plaintiff's failure to train claim fares no better. In order to establish supervisory liability for failure to train, a plaintiff must allege (1) that the supervisor failed to train the officer, (2) that a causal connection existed between the failure to train and the violation of the plaintiff's rights, and (3) that such failure to train amounted to deliberate indifference. See Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998); Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996) (citing Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986); see also Thompson v. Upshur County, ___ F.3d ___, 2001 WL 258032, *7 (5th Cir. March 15, 2001). Plaintiff has not alleged that Bolton acted in any way to violate his constitutional rights. In answer to the magistrate judge's questionnaire, Plaintiff merely provides unsubstantiated conclusions. He states that Bolton failed to train Officer Rudloff and that such failure to train resulted in the "unruly actions of Officer (Roger A. Rudloff) that caused a threat [to] my life on the night of November 17, 1999." (Answer to Questions 10-11). Plaintiff, however, does not provide any of the facts upon which he relies to allege that Bolton failed to train Rudloff. Nor does he allege that the conduct of Defendant Bolton was deliberate.

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915(d) is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). A review of Plaintiff's complaint, supplemented by his answers to the magistrate judge's questionnaire, demonstrates that he has failed to allege a claim cognizable under § 1983 against Defendant Bolton. Accordingly, Defendant Bolton should be dismissed with prejudice as

4

frivolous. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Accepting as true Plaintiff's remaining allegations as to the force used by Officer Rudloff, the magistrate judge concludes that Plaintiff has arguably stated an excessive force claim against Officer Rudloff.

RECOMMENDATION:

For the foregoing reasons, the magistrate judge recommends that Plaintiff's claims be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) except for his excessive force claim against Defendant Roger A Rudloff. Defendant Terrell Bolton should be dismissed as a defendant in this case.

It is further recommended that the Clerk shall prepare and issue SUMMONS as to Defendant Roger Rudloff and deliver the same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure, along with a copy of the complaint, the recommendation of the magistrate judge, and Plaintiff's answers to the questionnaire.

A copy of this recommendation will be mailed to Plaintiff.

_____
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.