IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEITH BURKINS )
)
VS. ) 3-00-CV-2377-M
)
ROGER A. RUDLOFF, ET AL )

## O R D E R

On this date came on to be considered Plaintiff's Motion for Appointment of Counsel filed on August 20, 2001, and the court finds and orders as follows:

A plaintiff in a civil action is not entitled to court appointed counsel as a matter of right. E.g. Ulmer v. Chancellor, 691 F 2d 209, 212 (5th Cir. 1982). In determining whether counsel should be appointed the following criteria inter alia are relevant: (1) the type and complexity of the case, and (2) whether the indigent is capable of adequately representing himself. Ulmer at 213.

It is apparent from Plaintiff's pleadings in this case, including his answers to the magistrate judge's questionnaire, that he has been able to set out in great detail the operative facts in support his complaint. In his motion Plaintiff states that he is not able to afford counsel and the issues are complex. Despite his conclusory claim that his complaint is complex, his live pleadings demonstrate otherwise. Burkins alleges that Defendant used excessive force in effecting his arrest. Plaintiff, therefore, is fully capable of presenting his testimony without the need of further investigation and without counsel. Under the above circumstances Burkins has failed to show any exceptional circumstances which require that counsel be appointed. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Appointment of Counsel is denied.

A copy of this order shall be transmitted to Plaintiff and counsel for the Defendant

ENTERED this 22nd day of August, 2001.

UNITED STATES MAGISTRATE JUDGE