**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| *KEITH B. BURKINS* | § |
| | § |
| *Plaintiff,* | § |
| | § |
| | § |
| | § **CIVIL ACTION NO. 3-00CV2377-M** |
| | § |
| *ROGER A. RUDLOFF, ET AL.* | § |
| | § |
| *Defendants.* | § |

*US DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*
*FILED*

*JAN 17 2002*

*CLERK, U.S. DISTRICT COURT*
*By*
*Deputy*

## DEFENDANT ROGER A. RUDLOFF'S
## MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGEMENT

Respectfully submitted,

**KEVIN B. WIGGINS**
State Bar No. 21441600
**TRACEY R. WALLACE**
State Bar No. 00797617
1999 Bryan Street
Ste. 3470
Dallas, Texas   75201
(214) 665-4150
(214) 665-4170 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**ROGER A. RUDLOFF**

40

# TABLE OF CONTENTS

Table Of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      Motion to Dismiss and/or Motion for Summary Judgment Evidence . . . . . . . . . . . . . . . . 1

II.     Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    Basis for the Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.    Background Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.     Standard for Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

              *Rule 12(b)(6) Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              *Rule 56 Motion for Summary Judgment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.    Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

             1.     The Claim Against Rudloff in his official capacity must be dismissed . . . 6

             2.     Plaintiff has failed to meet the heightened pleading requirement for
                    qualified immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                    *a. Standard for qualified immunity* . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                    *b. Plaintiff fails to meet the heightened pleading requirement* . . . . . . . . 9

             3.     Plaintiff has failed to plead facts sufficient to support and excessive force
                    claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                    *a. Plaintiff did not suffer an injury* . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                    *b. Defendant's actions were not grossly disproportionate to*
                       *needed* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
                    *c. Defendant's actions were not objectively unreasonable* . . . . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate Of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton,* 483 U.S. 635, 640 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Babb v. Dorman,* 33 F.3d 472 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)(en banc)), *cert. denied,*
___ U.S. ___, 121 S.Ct. 1734 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Elliot v. Perez,* 751 F.2d 1472 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Graham v. Connor,* 490 U.S. 395 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hunter v. Bryant,* 502 U.S. 224, 227 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 8

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Monell v. New York City Dept. Of Social Services,* 436 U.S. 658, 691 (1978) . . . . . . . . . . . . . . 6

*Pardue v. City of Dallas,* 2001 WL 1255876 (N.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Roberts v. City of* Dallas, 2001 WL 910390 (N.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

*Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir.), *cert. denied,* 493 U.S. 854 (1989) . . . . . . . . . 7

*Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Swann v. City of Dallas,* 922 F.Supp. 1184, 1192 (N.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . . 12

*Tennessee v.* Garner, 471 U.S. 1, 7 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ii

*Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . 5

*Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Statutes**

*42 U.S.C. § 1983* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 9, 10

**Rules**

*Fed.R.Civ.Pro. 12(b)(6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 13

*Fed.R.Civ.Pro. 56* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 13

**Treatises**

Wright & Miller, Federal Practice & Procedure § 1357, at 315-18 (1969) . . . . . . . . . . . . . . . . . 5

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF TEXAS*
*DALLAS DIVISION*

| | | |
|---|---|---|
| **KEITH B. BURKINS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3-00CV2377-M** |
| | § | |
| **ROGER A. RUDLOFF, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT ROGER A. RUDLOFF'S
### MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, DEFENDANT, ROGER A. RUDLOFF,** a Defendant in the above-styled

and numbered cause of action and moves the Court, pursuant to Fed.R.Civ.P. 12(b)(6) and

Fed.R.Civ.P. 56 (c) to dismiss Keith Burkins' claim against Defendant Roger A. Rudloff. In support

of this Motion, Defendant states the following:

*I.*

### MOTION TO DISMISS AND/OR MOTION
### FOR SUMMARY JUDGEMENT EVIDENCE

Defendant hereby incorporates the evidence contained within Defendant's Appendix as

is fully set forth herein.

*II.*

### NATURE OF THE CASE

Burkins has filed suit against Office Roger Rudloff, presumably under 42 U.S.C. Section

1983, alleging use of excessive force in an arrest in violation of the Fourth Amendment to the United

*Defendant's Motion to Dismiss - Page 1*

States Constitution.

### III.

### *BASIS FOR THE MOTION*

1.      Burkins' complaint against Defendant Rudloff in his official capacity is a suit against the City of Dallas and must be dismissed because Plaintiff has failed to allege a custom, policy, or practice on the part of the City of Dallas.

2.      Burkins' complaint against Defendant Rudloff in his individual capacity should be dismissed because Plaintiff has failed to meet the heightened pleading requirement under qualified immunity.

3.      Burkins' complaint against Defendant Rudloff in his individual capacity should be dismissed because Plaintiff has not sufficiently pled facts to support an excessive force claim.

### IV.

### *BACKGROUND FACTS*

1.      On November 17, 1999, around 7:00 p.m., Officer Rudloff waited for information on drug activity from other officers at a drug house on Peabody and Atlanta in Dallas, Texas. *See Appendix* p. 1.

2.      Officer Rudloff heard Officer Turner, #7312, state that she observed persons in a black four door vehicle buy drugs from this house. *See Appendix* p. 1. Officer Rudloff then observed the black four door vehicle at 2300 Martin Luther King Junior Boulevard and performed a traffic stop for failing to signal intent to turn into the Shell gas station parking lot. *See Appendix* p. 1.

3.      The vehicle stopped on the west side of the parking lot by the payphone and Plaintiff opened his door. *See Appendix* p. 1.   Plaintiff exited quickly and Officer Rudloff had to exit his

police vehicle before speaking in his police radio. *Id.* Officer Rudloff believed Plaintiff would run if he did not get to him quickly. *See Appendix* p. 1.

4.      Officer Rudloff approached Plaintiff and told him why he had been stopped. Officer Rudloff observed the Plaintiff chewing on something and Officer Rudloff asked Plaintiff if he had drugs inside his mouth. The Plaintiff shook his head yes. *See Appendix* p. 2.

5.      Officer Rudloff told the Plaintiff he was under arrest and told him to place his hands on his vehicle. *See Appendix* p. 2. Officer Rudloff then proceeded to cuff the Plaintiff's right wrist and when he attempted to grab the left wrist, the Plaintiff turned and tried to hit Officer Rudloff in the face with a closed fist. *See Appendix* p. 2; See *Appendix* p. 6.

6.      Officer Rudloff was able to move back and was hit in the left shoulder. *See Appendix* p. 2. The Plaintiff then attempted to run away but Officer Rudloff held on to the handcuff. Plaintiff began kicking Officer Rudloff on his legs, knees and shins. *See Appendix* p. 2.

7.      Officer Rudloff lost his balance and both he and Plaintiff fell to the ground. Officer Rudloff tried to get on top of the Plaintiff but Plaintiff threw him off. *See Appendix* p. 2. Officer Rudloff and Plaintiff got back up and then Officer Rudloff tried to kick Plaintiff but fell to the ground on his back. Plaintiff then stood over Officer Rudloff with his feet at Officer Rudloff's hips. *See Appendix* p. 2. At this point, Officer Rudloff released the handcuffs because he feared for his safety and his life. *See Appendix* p. 2.

8.      Plaintiff pulled back his right hand above his head with the handcuff still on it. Officer Rudloff feared for his life, placed his hand on his gun, and unsnapped both snaps. *See Appendix* p. 2.

9.      Plaintiff ran northbound on the sidewalk and then turned southbound with Officer

Rudloff in pursuit. *Id; see also Appendix* p. 7.  Officer Rudloff fell to the ground while trying to change directions.  Plaintiff also fell down but got up and continued running southbound. *See Appendix* p. 2.

10.     Plaintiff began to lose his balance and was running top heavy.  Plaintiff fell and struck his head on a raised part of a sidewalk that was sticking up about 6 or 7 inches. *See Appendix* p. 2.  Officer Rudloff fell again, then picked up his flashlight which he had dropped. *See Appendix* p. 3.

11.     Officer Rudloff was exhausted and moving slowly.  Meanwhile, Plaintiff, after striking his head, attempted to get up and run again. *See Appendix* p. 3.  He fell in the grass where Officer Rudloff caught him and fell on his back.  Officer Rudloff observed a police vehicle drive up the service road. *See Appendix* p. 3.

12.     Plaintiff attempted to get up and Officer Rudloff, fearing Plaintiff would use the handcuff as a deadly weapon because he began flailing his arm, struck Plaintiff in the upper right arm and shoulder area three times with his industrial flashlight. *See Appendix* p. 3.

13.     Senior Corporal Smith arrived immediately after Officer Rudloff struck Plaintiff.  Senior Corporal Smith put his knee in Mr. Burkins' neck area and tried to hold him down. *See Appendix* p. 3.  Officer  Rudloff threw his flashlight on the ground behind him because he did not want Plaintiff to grab it and use it as a weapon. *See Appendix* p. 3.

14.     Officer Rudloff grabbed the open handcuff and placed it on the left wrist of Plaintiff.  Plaintiff was placed under arrest and handcuffed. *See Appendix* p. 3.

15.     Dallas Fire Department paramedics treated Officer Rudloff for cuts to his hands.  Officer  Rudloff told the paramedics James Russ and Tami Kayea that Plaintiff had fallen and hit his

head on the sidewalk. *See Appendix* p. 3 ; *see also Appendix* pp. 8-9.

16.     Plaintiff was awake and alert when the Dallas Fire Department paramedics arrived. Paramedic James Russ heard Plaintiff agree with the story Officer Rudloff told the paramedics. Plaintiff was transported by the paramedics to the Baylor University Medical Center. *See Appendix* p. 8.

17.     Paramedic Russ found that Plaintiff had a small ½ inch laceration to the top of his head with minimal bleeding which was consistent with the reported mechanism of injury. *See Appendix* p. 8; *see also Appendix* p. 9. Plaintiff was given approximately six (6) stitches at Baylor University Medical Center and then taken to Lew Sterrett and booked in. *See Appendix* p. 4.

18.     No other injuries were found. *See Appendix* p. 8.

## *V.*

### ***STANDARD FOR MOTIONS***

*Rule 12(b)(6) Motion to Dismiss*

The standard for determining a motion to dismiss for failure to state a claim is well established. The court should accept the well-pleaded factual allegations of the complaint as true. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). The court should not, however, accept legal conclusions, unsupported conclusions, or unwarranted inferences or deductions that the plaintiff may try to draw from the facts pled. *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir. 1994)(citing *Wright & Miller, Federal Practice & Procedure* § 1357, at 315-18, 1969). *Rule 56 Motion for Summary Judgment*

Alternatively, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. To oppose a motion for summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact and cannot merely rest on allegations and denials. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## *VI.*

### ***ARGUMENT AND AUTHORITIES***

**1.** **THE CLAIM AGAINST RUDLOFF IN HIS OFFICIAL CAPACITY MUST BE DISMISSED.**

In his Complaint, Plaintiff lists as a Defendant, Officer Roger Rudloff, Patrol Officer, D.P.D. *See Plaintiff's Complaint,* p. 3. To the extent Plaintiff is suing Defendant Rudloff in his official capacity, such a claim is only another way of pleading an action against an entity of which the official is an agent. In this case, that entity would be the City of Dallas. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690 n. 5 (1978); *see also Swann v. City of Dallas,* 922 F.Supp. 1184, 1192 (N.D. Tex. 1996). A local government entity such as the City of Dallas cannot be held liable under Section 1983 on a theory of *respondeat superior* liability. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690 n. 5 (1978).

Rather, to prevail on his claim against Defendant Rudloff in his official capacity, Plaintiff must prove that: (1) he suffered a deprivation of a federally protected right and (2), the deprivation resulted from an official policy, custom, or practice of the City of Dallas. *Id.* at 691-94.

Unless Plaintiff can show an unconstitutional policy or custom, Burkins has no grounds for recovery under § 1983 against Defendant Rudloff in his official capacity. "An official policy, for purposes of § 1983 liability, is '[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the

*Defendant's Motion to Dismiss - Page 6*

lawmakers have delegated policy-making authority.'" *See Brown v. Bryan County, Oklahoma*, 219 F.3d 450, 457 (5th Cir. 2000)(quoting *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir. 1984)(en banc)), *cert. denied,* ___ U.S. ___, 121 S.Ct. 1734 (2001).

Plaintiff's claims against Defendant Rudloff in his official capacity include no factual allegations about the adoption of policy regarding the circumstances of which he complains. Because Burkins has alleged no involvement by any individual official empowered to make policy for the city, "liability could therefore be found only if there was '[a] persistent widespread practice of [city or county] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy...'" *Bennett,* 735 F.2d at 862.

A plaintiff must plead "specific facts, not merely conclusory allegations" when alleging that his civil rights have been violated by an official policy. *See Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir.), *cert. denied,* 493 U.S. 854 (1989). Plaintiff has pled no factual allegations whatsoever of any such policy or custom to support his claim against Officer Rudloff in his official capacity. Rather, he has merely alleged the use of force by Officer Rudloff. Thus, Plaintiff's claim against Officer Rudloff in his official capacity must be dismissed.

## 2.    *PLAINTIFF HAS FAILED TO MEET THE HEIGHTENED PLEADING REQUIREMENT FOR QUALIFIED IMMUNITY.*

### a.    *Standard for qualified immunity*

Under qualified immunity, government officials are not subject to liability for the performance of their discretionary actions unless their conduct violates clearly established or constitutional rights which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Further, the contours of the right must be sufficiently clear that a reasonable

official would understand that the conduct at issue constitutes a violation. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).   If the court finds a right to be clearly established, it next examines the objective legal reasonableness of the official's conduct under the circumstances, "in light of clearly established law and the information the officers possessed." *Id.*

Qualified immunity thus protects an official whose conduct was objectively reasonable, even if the conduct infringed upon a constitutional right of the plaintiff. *Id.* at 641.   Where reasonable public officials could differ on the lawfulness of the officials actions, the official is entitled to qualified immunity. *See Johnson v. City of Houston,* 14 F.3d 1056, 1059 (5th Cir. 1994).   In the present case, Plaintiff complains that Officer Rudloff unreasonably used excessive force when placing him under arrest.

To determine the objective reasonableness of a defendant's conduct, the court's examine whether "a reasonable officer could have believed [their conduct] to be lawful, in light of clearly established law and the information the officers possessed." *Anderson,* 483 U.S. at 641.   Court's balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor,* 490 U.S. 386, 395 (1989)(quoting *Tennessee v. Garner,* 471 U.S. 1, 7 (1985).   Court's pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Court's do not utilize "the 20/20 vision of hindsight," and do consider "the fact that police officers are often forced to make split second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id.* at 396-

97. Thus, "[e]ven law enforcement officials who 'reasonably but mistakenly' [use excessive force] are entitled to immunity." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991)(quoting *Anderson,* 483 U.S. at 641).

> b.   *Plaintiff fails to meet the heightened pleading requirement*

To overcome the defense of qualified immunity asserted by Officer Rudloff, Plaintiff must satisfy the heightened pleading requirement. *See Elliot v. Perez,* 751 F.2d 1472 (5ᵗʰ Cir. 1985). In *Elliot,* the Fifth Circuit Court of Appeals announced a heightened pleading standard which must be satisfied whenever there is alleged a defense of qualified immunity. In such cases, the complaint must "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Id.* at 1473.[1]   "Mere conclusory allegations and bold assertions are insufficient to meet this heightened pleading requirement." *See Pardue v. City of Dallas,* 2001 WL 1255876 (N.D.Tex. 2001)(quoting *Streetman v. Jordan,* 918 F.2d 555, 557 (5ᵗʰ Cir. 1990)(citing with approval, *Elliot,* 751 F.2d at 1482).

Here, Burkins' complaint seemingly alleges that Defendant Rudloff violated his Fourth Amendment rights. His complaint states:

> "...I lay on the ground, waiting for the officer to arrive
> and when he did he said muth fucker don't you even.
> then he started to beat me with his flashlight and fist and

---

[1]   In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993), the United States Supreme Court struck down the heightened pleading requirement in § 1983 actions against municipalities. *Id.* at 168-169.  In doing so, however, the Court cautioned that "municipalities do not enjoy immunity from suit–either absolute or qualified–under § 1983." *Id.* at 167. The Court, thus, had "no occasion to consider whether ... qualified immunity jurisprudence would require heightened pleading in cases involving individual government officials." *Id.*  Given this express reservation of the issue, the Fifth Circuit Court of Appeals has declined to read into *Leatherman* any change in the law respecting actions against individual municipal defendants. *See Babb v. Dorman,* 33 F.3d 472 (5ᵗʰ Cir. 1994).  The Fifth Circuit continues to require the heightened pleading standard for suits against individual municipal defendants. *See Roberts v. City of Dallas,* 2001 WL 910390 (N.D. Tex. 2001).

knees!  *See Plaintiff's Complaint,* p. 4.

Although under some circumstances, the use of force may not be reasonable, Plaintiff

fails to demonstrate that such circumstances applied to his encounter with Rudloff.  *See Roberts v.*

*City of Dallas,* 2001 WL 910390 (N.D.Tex. 2001).   In *Roberts,* Dallas police were called to the

Roberts' home because of a domestic dispute.  At the house were Ira Roberts, his son James, and

James' mother who left the premises before the police arrived.  The police sprayed Ira Roberts and

James with mace.  Officer Pelts then turned the elder Roberts on his back, beat him, shocked him with

a heat sensor and held a stun gun to him.  *Id.*

Officer Pelts then hogtied Ira Roberts and put him in a police car.  Roberts asked to be taken

to the hospital, but his request was denied.  Instead, Officer McDonald asked Ira Roberts if he wanted

to call someone.  He responded with the name of his brother, Robert Roberts.  Then, an unspecified

officer found an outstanding warrant for Robert Roberts' arrest and arrested Ira Roberts on those

charges.  Ira Roberts was then taken to jail under the name Robert Roberts and James was taken into

custody by Child Protective Services.  *Id.*

Ira Roberts and his son James Roberts filed suit against the City of Dallas and Officer

Charles Pelts ("Pelts") for violations of 42 U.S.C. § 1983 arising from an alleged false arrest, use of

excessive force and freedom from cruel and unusual punishment.  The Defendants filed a Motion to

Dismiss on May 24, 2001 asserting qualified immunity.[2]   Chief Judge Buchmeyer dismissed the

Roberts' claims holding that they had failed to meet the heightened pleading requirement.

Specifically, Chief Judge Buchmeyer held that the Plaintiffs had failed to demonstrate an unreasonable

use of force.  Further, Judge Buchmeyer held that the Roberts did not allege sufficient facts for the

---

[2]  The Roberts failed to respond to the Motion to Dismiss.

*Defendant's Motion to Dismiss - Page 10*

Court to "discern that no reasonable officer could have acted in this manner." *See Roberts v. City of Dallas,* 2001 WL 910390 (N.D.Tex. 2001).

Similarly, in the present case, Burkins has not alleged sufficient facts for the Court to "discern that no reasonable officer could have acted in this manner." *Id.* In the absence of these facts, Plaintiff cannot overcome Rudloff's invocation of qualified immunity and his claim must fail.

### 3. *PLAINTIFF HAS FAILED TO PLED FACTS SUFFICIENT TO SUPPORT AN EXCESSIVE FORCE CLAIM.*

To succeed on an excessive force claim, a plaintiff bears the burden of showing: (1) an injury, (2) which resulted directly and only from the use of force that was excessive to the need and, (3) the force used was objectively unreasonable. *See Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir. 1999).

#### a. *Plaintiff did not suffer an injury*

Although a showing of "significant injury" is no longer required in the context of an excessive force claim, courts do require a plaintiff asserting an excessive force claim to have "suffered at least some form of injury." *Williams,* 180 F.3d at 703 (quoting *Jackson v. R.E. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993)).

The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed. *Id.* In *Williams,* for example, the Fifth Circuit Court of Appeals held that the loss of breath and dizziness suffered when the suspect was allegedly choked while an officer searched his mouth and did not amount to an cognizable injury. The Court stated that "[w]henever a detainee is physically searched by an officer, a physical confrontation inevitably results" and therefore concluded that fleeting dizziness, temporary loss of breath, and coughing did not rise to the level of a constitutional violation. *Id.* at 704.

Here, Plaintiff was taken to Baylor Medical Center with a ½ inch laceration on his head where

*Defendant's Motion to Dismiss - Page 11*

he was given approximately six (6) stitches. *See Appendix* pp. 4, 8-9. In the context in which the force was deployed, namely an arrest wherein the Plaintiff both resisted and tried to flee, the injuries suffered by Plaintiff do not rise to the level of a constitutional violation.

      b.     *Defendant's actions were not grossly disproportionate to the force needed*

Officer Rudloff employed force to effect an arrest of Plaintiff. *See Appendix* pp. 1-3. As the facts evince, Plaintiff began to resist arrest when Officer Rudloff attempted to place handcuffs on Plaintiff. *Id; See also Appendix* p. 6-7. Plaintiff struck Officer Rudloff with his fist, subsequently kicking him before he ran. *Id.* Officer Rudloff pursued Plaintiff and after Plaintiff fell a second time, Officer Rudloff struck Plaintiff two (2) to three (3) times in the shoulder with his flashlight to prevent Plaintiff from flailing his arm with the handcuff attached and returning to his feet with the possibility of another physical confrontation. *See Appendix* p. 3. Officer Rudloff then completely handcuffed Plaintiff. *Id.*

After the paramedics arrived, Officer Rudloff recounted what had happened, namely that Plaintiff had fallen and hit his head on the sidewalk. *See Appendix* pp. 8-9. Plaintiff agreed to the story recounted by Officer Rudloff. *See Appendix* p. 8. At no time did Officer Rudloff strike Plaintiff with his industrial flashlight in the back of Plaintiff's head. *See Appendix* pp. 4-5. Moreover, Plaintiff's injuries support Officer Rudloff's events of November 19, 1999. *See Appendix* pp. 8-9. Specifically, Plaintiff was taken to Baylor with ½ laceration and given six (6) stitches. *See Appendix* pp. 4, 8-9. Certainly, Officer Rudloff was entitled to use that force to protect himself and others; Officer Rudloff did just that and no more.

      c.     *Defendant's actions were not objectively unreasonable*

Officer Rudloff's actions cannot be said to be grossly disproportionate to his self defense need

under the circumstances. Officer Rudloff was in danger from the Plaintiff and Officer Rudloff struck Plaintiff in the arm and shoulder two (2) to three (3) times with his industrial flashlight. *See Appendix* p. 3. Officer Rudloff did not strike Plaintiff in the head with his flashlight.[3]  *See Appendix* pp. 4-5. Officer Rudloff used that force which was necessary for his own safety.

Thus, it cannot be said that a reasonable police officer in Rudloff's place could conclude that Rudloff used force grossly disproportionate to need when he struck Plaintiff with his flashlight in the belief that Plaintiff was trying to harm him by flailing his arms or returning to his feet to resume a physical confrontation.

*WHEREFORE, PREMISES CONSIDERED* Defendant prays that Plaintiff's Complaint be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) and/or Fed.R.Civ. P. 56(c) and that Defendant Rudloff be granted such other and further relief to which he may show himself justly entitled.

---

[3]  If Officer Rudloff had struck Plaintiff in the back of the head three times with his industrial flashlight, Plaintiff would have had an injury more severe than a ½ inch laceration which required six (6) stitches.

*Defendant's Motion to Dismiss - Page 13*

Respectfully submitted,

**WHITE & WIGGINS, L.L.P.**

**KEVIN B. WIGGINS**
Bar Card No. 21441600
**TRACEY R. WALLACE**
Bar Card No. 00797617
1999 Bryan Street, Ste. 3470
Dallas, Texas  75201
(214) 665-4150
(214) 665-4170 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**OFFICER ROGER RUDLOFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following persons on this the _17_ day of January 2002:

        Keith B. Burkins, #00034256
        Plaintiff Pro Se
        Dallas County Jail
        500 Commerce Street
        Lew Sterrett
        Dallas, Texas 75202

        Detra G. Hill
        Assistant City Attorney
        City of Dallas
        1500 Marilla, 7DN
        Dallas, Texas 75201

**TRACEY R. WALLACE**