IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH B BURKINS | ) | |
| | ) | |
| V. | ) | 3-00-CV-2377-M |
| | ) | |
| ROGER A. RUDLOFF, ET AL | ) | |

## O R D E R

On this day came on to be considered Defendant Roger A. Rudloff's Motion to Dismiss and/or for Summary Judgment filed on January 17, 2002, and Plaintiff's Motion to Object to Defendant's Motion for Summary Judgment (Plaintiff's response) filed on February 14, 2002.

In his response Plaintiff represents <u>inter alia</u> that he was not served with a copy of Defendant's motion  The fact that Plaintiff did not receive a copy on or about January 21, 2002, is confirmed by Defendant's Amended Certificate of Service filed on February 19, 2002, reflecting that a copies of his summary judgment pleadings were mailed to Plaintiff at the Robertson Unit of the Texas Department of Criminal Justice, Institutional Division, on February 7, 2002.

Plaintiff's response does not comply with the provisions of Rule 56, Federal Rules of Civil Procedure.  However, due to the delay in effecting service of Defendant's summary judgment materials, the time within which Plaintiff may respond to Defendant's motion should be extended.

IT IS, THEREFORE, ORDERED that any response[1] by Plaintiff to Defendant's Motion to Dismiss and/or for Summary Judgment will be filed on or before March 21, 2002, with a copy being served on Kevin B. Wiggins, 1999 Bryan Street, Dallas, Texas 75201, Defendant's counsel of record.

A copy of this order shall be transmitted to Plaintiff and to Defendant's counsel of record

SIGNED this 27th day of February, 2002.

                                                          *Wm. J. Sanderson, Jr.*
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] In reviewing the papers and pleadings in this action, including Plaintiff's answer to Question 2 of the Magistrate Judge's Questionnaire filed on February 14, 2001, it appears that Plaintiff's description of the manner in which he sustained an injury to his head is controverted by the affidavits of Defendant, James C Russ, III and Tami Kayca, contained in the Defendant's Appendix. Plaintiff is placed on notice that if it is subsequently determined that his allegations with respect to the head injury are found to be false, he may be subject to prosecution for perjury. See 18 U.S.C. § 1621(2)