IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

KEITH B. BURKINS §

V.S § CIVIL ACTION NO. 3-00-CV-2377-M

ROGER A. RUDLOFF, et. al., §

## PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS AND OR/ MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, KEITH B. BURKINS, AN INMATE OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. IN THE ABOVE STYLED AND NUMBERED CAUSE OF ACTION FILES THIS HIS PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS AND OR/MOTION FOR SUMMARY JUDGMENT. AND MOVES THIS HONORABLE COURT TO STRIKE THE PLEADINGS OF THE DEFENDANT'S SUMMARY JUDGMENT EVIDENCE. IN SUPPORT OF THIS MOTION, PLAINTIFF WILL SHOW THIS HONORABLE COURT THE FOLLOWING:

### I.
### PLAINTIFF REQUEST THAT THIS HONORABLE COURT TO STRIKE THE PLEADINGS OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE

PLAINTIFF HEREBY CONTENDS THAT THE DEFENDANT'S SUMMARY JUDGMENT EVIDENCE (SEE APPENDIX) DOSE NOT CONTAIN ANY MATERIAL FACTS TO PROVE A GENUINE ISSUE, TO GRANT SUMMARY JUDGMENT PURSUANT TO 28 U.S.C. 1915(d)

(1). 47

## II.
## NATURE OF THE CASE

PLAINTIFF HAS BROUGHT A CIVIL SUIT AGAINST ROGER A. RUDLOFF UNDER 42 U.S.C. SEC. 1983 FOR AN EXCESSIVE USE OF FORCE DURING AN ALLEGED TRAFFIC VIOLATION ARREST, VIOLATING HIS FOURTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

## III.
## BASIS FOR THE MOTION

1. SEE DEFENDANT'S MOTION TO DISMISS AND OR/ MOTION FOR SUMMARY JUDGMENT P.#2 TITLED BASIS FOR THE MOTION NO. 1: PLAINTIFF AVERS THAT HE DID NOT FILE A COMPLAINT AGAINST THE DEFENDANT IN HIS OFFICIAL CAPACITY? REFER TO PLAINTIFF'S ORIGINAL COMPLAINT UNDER 42 U.S.C SEC. 1983 PLAINTIFF ONLY FILED ON THE DEFENDANT'S ROGER A. RUDLOFF FOR POLICE BRUTALITY. AND PLAINTIFF ALSO FILED A COMPLAINT AGAINST CHIEF TERRELL BOLTON FOR DENYING ME ACCESS TO THE PUBLIC OPEN RECORDS ACT. PLAINTIFF AVERS THAT THE ONLY TIME IN WHICH HE DID ATTEMPT TO AMEND HIS ORIGINAL COMPLAINT TO INCLUDE THE CITY OF DALLAS. WAS NOVEMBER 30, 2001. WHICH WAS UNFILED FOR VARIOUS REASONS. PLAINTIFF REFILED IT ON JANUAR 14, 2002. THEREFORE HOW COULD THE DEFENDANT HAVE KNOWLEDGE OF PLAINTIFF'S INTENTIONS TO INCLUDE THE CITY OF DALLAS WHEN THE ORIGINAL COMPLAINT WAS SILENT OF IT?

2. SEE DEFENDANT'S MOTION TO DISMISS AND OR/ MOTION FOR SUMMARY JUDGMENT P.#2. TITLED BASIS FOR THE MOTION NO. 2: PLAINTIFF AVERS THAT THE DEFENDANT VIOLATED HIS FOURTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION. WHEN HE REPEATEDLY BEAT PLAINTIFF IN THE HEAD WITH HIS FLASH LIGHT WHICH CONSTITUTED EXCESSIVE USE OF FORCE.

3. SEE DEFENDANT'S MOTION TO DISMISS AND OR/ MOTION FOR SUMMARY JUDGMENT P.#2 TITLED BASIS FOR THE MOTION NO. 3: PLAINTIFF HAS SUFFICIENTLY PLED FACTS TO SUPPORT AN EXCESSIVE FORCE CLAIM. SEE MAGISTRATE JUDGE'S RESPONSE TO ANSWER OF THE QUESTIONAIRE. IN CLOSING AN OFFICER AND A SUPERVISORY OFFICIAL MAY BE HELD LIABLE UNDER SEC. 1983 WHEN THEY BREACH A DUTY IMPOSED BY STATE OR LOCAL LAW. AND THIS BREACH CAUSES PLAINTIFF'S CONSTITUTIONAL INJURIES. SEE SIM v. ADAMS CITES AS 537 F2d 829.

(2.)

# BACK GROUND FACTS

1. SEE DEFENDANT'S APPENDIX PAGES. 1-2 LINE. 7: PLAINTIFF AVERS THAT HE NEVER RECIEVED ANY TRAFFIC CITATION FOR THE ALLEGED TRAFFIC STOP?

2. SEE DEFENDANT'S APPENDIX PAGE. 2-LINE. 1-2-3: PLAINTIFF CONTENDS THAT IF THIS WERE TRUE AND I SURPOSEDLY AGREED TO HAVING DRUG. AND THEN THE OFFICER SAY YOUR UNDER ARREST FOR TRAFFIC VIOLATION? AND FURTHERMORE PLAINTIFF CONTENDS THE SURPOSED ARREST FOR TRAFFIC VIOLATION IS FALSE BECAUSE PLAITIFF WAS NEVER PLACE UNDER ARREST OR CHARGED FOR THE SAID VIOLATION? PLAINTIFF'S ARREST RECORD WILL NOT SHOW THE CHAGE? AND AS FOR DRUGS. I DIDN'T HAVE ANY AND IF THIS WERE SO I WOULD HAVE BEEN CHECKED BY MEDICAL AND ARRESTED FOR DRUG POSSESSION. NOTE: THAT THE OFFICER STATE THAT I SAID I HAD DRUGS IN MY MOUTH. ALSO THAT ARREST WAS NOT MADE?

3. SEE DEFENDANT'S APPENDIX PAGE. 2-LINES 4-14: PLAINTIFF CONTEND THAT IF ALL THESE THINGS WERE TRUE FROM WHAT HE SAID I HAD DONE THE CHARGE OF ASSAULT ON AN OFFICER. (AS·SAULT-n. 1. A VIOLENT ATTACK. 2. LAW AN UNLAWFUL THREAT OR AN ATTEMPT TO HARM ANOTHER PHYSICALLY vt; vi. TO MAKE AN ASSAULT (UPON). NOW FROM WHAT HE SAID I SURPOSEDLY DONE FITS THE DEF.

4. SEE DEFENDANT'S APPENDIX PAGE. 2-LINE 12-15: PLAINTIFF CONTENDS THAT IF HE HAD DONE THIS, THE OFFICER WOULD NOT JUST HAVE UNSNAPPED HIS GUN HE WOULD HAVE USED IT WITHOUT A SECOND THOUGHT! IF HE EVEN FELT AS THOUGH I WOULD HARM HIM? REASON WHY PLAINTIFF SAY THIS - SEE DEFENDANT'S APPENDIX PAGE. 3-LINES 5-6: PLAINTIFF WAS (SEE LINES 3-4 SAME PAGE) FACE DOWN.

5. SEE DEFENDANT'S APPENDIX PAGE. 3-LINES 3-4: PLAINTIFF AVERS THAT HE GAVE A STATEMENT THAT STATE THAT HE WAS LAYING ON THE GROUND WAITING FOR THE OFFICER TO CATCH UP AND WHEN HE DID HE SAID M*THA F*CKER DON'T YOU EVER. THEN HE STARTED TO BEAT ME IN THE HEAD WITH HIS FLASH LIGHT (3) TIMES AND ONCE ON MY ARM AND CONTINUED TO BEAT ME WITH HIS FIST AND KNEE'S. THEN THERE'S A CONFESSION BY THE OFFICER SEE DEFENDANT'S APPENDIX PAGE. 3-LINES 5-6 JUST LOOK AT PLAINTIFF STATE I SAID MY HEAD AND THE DEFENDANT SAYS UPPER SHOULDER EREA. ABOVE - LINES 3-4 FACE DOWN MY HEAD WOULD BEEN IN THE UPPER SHOULDER EREA?

(3.)

PLAINTIFF CONTENDS THAT THIS HONORABLE COURT MUST STRIKE THE PLEADINGS OF THE DEFENDANT'S SUMMARY JUDGMENT AND IT'S EVIDENCE. BECAUSE IT'S NOT IN COMPLIANCE WITH 28 U.S.C 1915(d) AND IT'S IN VIOLATION OF RULE 56 (G). OF THE FED. R. CIV. PRO.

## AFFIANT DOROTHY A. TOLLIVER

1. SEE DEFENDANT'S APPENDIX PAGE. 6 -LINES 5-9: AFFIANT STATES AS FOLLOWS - WHEN LOOKING OUT THE WINDOW I SAW THE YOUNG MAN FIGHTING WITH THE POLICE OFFICER. WITH HIS HAND ON THE OFFICERS HOLSTER TRYING TO GET THE OFFICERS GUN? REFER BACK TO THE DEFENDANT'S (AFFIDAVIT) APPENDIX PAGE. 2. LINE 13-14: WHICH STATES AS FOLLOWED. FEARING FOR MY LIFE, I PLACED MY HAND ON MY GUN AND UNSNAPPED BOTH SNAPS. (AND) AT NO TIME DO I RECALL MR. BURKINS (PLAINTIFF) GRABBING MY GUN?

2. SEE DEFENDANTS APPENDIX PAGE. 6 -LINES 9-11: STATES FROM AFFIANT, THE NEXT THING I SAW WAS THE YOUNG MAN ON TOP OF THE POLICEMAN ON THE GROUND REFER BACK TO THE DEFENDANT'S (AFFIDAVIT) APPENDIX PAGE. 2. LINE 9-10 WHICH STATES WE BOTH FELL TO THE GROUND AND I TRIED TO GET ON TOP OF HIM, BUT HE THREW ME OFF. PLAINTIFF CONTENDS THAT NOWHERE IN THE OFFICERS STATEMENT DOES HE SAY THAT I EVER GOT ON TOP OF HIM?

3. SEE DEFENDANT'S APPENDIX PAGE. 6 -LINES 11-16: STATES AT THIS POINT THE YOUNG MAN WAS PUNCHING THE OFFICER. "ANOTHER OFFICER" QUICKLY DROVE UP RAN TOWARD THE FIGHT. AT THAT POINT THE YOUNG MAN STOPPED HITTING THE ON THE GROUND AND STARTED TO RUN TOWARD THE BACK SHELL STATION PARKING LOT NEAR THE TELEPHONE POLE. REFER BACK TO DEFENDANT'S (AFFIDAVIT) APPENDIX PAGE. 3 - LINES 3-7: WHICH STATES - I THEN CAUGHT UP WITH MR. BURKINS AND FELL ONTO HIS BACK. "I SAW A POLICE CAR PULL UP ON THE SERVICE ROAD" AT THIS TIME. MR BURKINS TRIED TO GET UP. FEARING HE WOULD USE THE HANDCUFFS AS A DEADLY WEAPON, I STRUCK MR. BURKINS IN THE UPPER RIGHT ARM AND SHOULDER AREA WITH MY FLASHLIGHT THREE TIMES. OFFICER SMITH ARRIVED ABOUT THREE SECONDS AFTER I STRUCK MR. BURKINS.

PLAINTIFF CONTENDS THE AFFIANT MAY HAVE SEEN HIM BEING BEATEN BY THE OFFICER. REFER TO MY STATEMENT I STATED THAT HIS CORPORAL MR. SMITH WITNESSED OFFICER RUDLOFF (DEFENDANT) STRIKE ME IN THE HEAD AND ARM?

(4.)

TO CONCLUDE PLAINTIFF CONTENDS THAT THIS HONORABLE COURT MUST STRIKE THE PLEADINGS OF THE DEFENDANTS SUMMARY JUDGMENT AND IT'S EVIDENCE. BECAUSE IT'S NOT IN COMPLIANCE WITH 28 U.S.C. 1915(d) AND IT'S IN VIOLATION OF RULE 56(G) OF THE FED. R. CIV. PRO. SEE ALSO 18 U.S.C. § 1621(2) AFFIANT DOROTHY A. TOLLIVER

## AFFIANT JAMES C. RUSS III

1. SEE DEFENDANT'S APPENDIX PAGE. 8-LINES 6-9: AFFIANT DID NOT GIVE THE STATEMENT BASED ON HIS PERSONAL KNOWLEDGE. PLAINTIFF CONTENDS THAT THIS AFFIDAVIT WAS BASED ON SOME ONE ELSES KNOWLEDGE THEREFORE IT'S HEARSAY EVIDENCE THAT VIOLATES RULE 56(G) AND 56(E) FED. R. CIV. PRO.

## AFFIANT TAMI KAYEA

1. SEE DEFENDANT'S APPENDIX PAGE. 9-LINES 6-8: AFFIANT DID NOT GIVE THE STATEMENT BASED ON HER PERSONAL KNOWLEDGE IT WAS STATED BY THE DEFENDANT? PLAINTIFF CONTENDS THAT NONE OF THE AFFIANT ARE CREDIBLE EYE WITNESSES SO THERE THEIR AFFIDAVITS ARE BASE ON HEARSAY. IN VIOLATION OF RULE 56(E) AND 56(G) OF THE FED. R. CIV. PRO.

TO CONCLUDE PLAINTIFF CONTENDS THAT THIS HONORABLE COURT MUST STRIKE THE PLEADINGS OF THE DEFENDANT'S SUMMARY JUDGMENT AND IT'S EVIDENCE. BECAUSE IT'S NOT IN COMPLIANCE WITH 28 U.S.C. 1915(d)

## STANDARD FOR MOTION

1. PLAINTIFF CONTENDS THAT DEFENDANT DOES NOT HAVE GROUND FOR SUMMARY JUDGMENT UNDER RULE 56(C) DEFENDANT NEVER REQUESTED INTERROGATORIES OR DISPOSITIONS FROM PLAINTIFF.

2. PLAINTIFF HAS AN AMENDMENT BEFORE THE COURTS TO ADD THE CITY OF DALLAS.

3. PLAINTIFF CONTENDS THAT THE DEFENDANT IS IN VIOLATION OF 28 U.S.C. 1915(d) SEE DEFENDANT'S SUMMARY JUDGMENT EVIDENCE?

(5.)

4. DEFENDANT HAS FILED A MOTION FOR SUMMARY JUDGMENT THAT HAS NO MERIT. TO PROVE THAT THE DEFENDANT'S MOTION IS FRIVOLOUS, THERE'S AN ARTICLE THAT WAS WRITTEN BY MR. DAVE MICHAELS (STAFF WRITER) FOR THE DALLAS MORNING NEWS, TITLED, OFFICER ROGER A. RUDLOFF (DEFENDANT) BEATS MAN (PLAINTIFF) WITH FLASH LIGHT. DEFENDANT DENIED DOING SO, BUT HIS RANKING OFFICE (SMITH) STATED IN THE ARTICLE THAT HE WITNESSED OFFICER RUDLOFF (DEFENDANT) STRIKE MR. BURKINS IN THE HEAD WITH HIS FLASH LIGHT (3) TIMES AND ONCE ON THE ARM. SEE EXHIBIT A-1

5. PLAINTIFF MET WITH A DETECTIVE FROM THE "INTERNAL AFFAIRS DIVISION" BY THE NAME OF MICHAEL J. MCCARTHY TO WHOM PLAINTIFF GAVE AN AFFIDAVIT AND FURNISHED PHOTOS THAT SHOWED THE EXTENT OF THE DAMAGES AND ABRUSE THAT PLAINTIFF SUSTAINED FROM THE OFFICER (DEFENDANT) AFTER THE INVESTIGATION WAS COMPLETED THE DEFENDANT WAS SUSPENDED FOR 15 days FOR WHAT HE HAD DONE TO ME. BY THE D.P.D FOR PROOF SEE EXHIBIT A-1

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF RESPECTFULLY REQUEST THAT HIS MOTION TO DENY DEFENDANT'S MOTION TO DISMISS AND OR/ MOTION FOR SUMMARY JUDGMENT BE GRANTED.

RESPECTFULLY SUBMITTED

*Keith B. Burkins*

KEITH B. BURKINS #1013686
12071 F.M. 3522
ABILENE TX. 79601

(6.)