

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH B. BURKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:00-CV-2377-N |
| | § | |
| ROGER A. RUDLOFF, ET AL., | § | |
| | § | |
| Defendants. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice,

sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law does not give special treatment to any person, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and the stipulated facts. Stipulated facts must be regarded as proven facts. The term "evidence" does not include anything that I have instructed you to disregard.

Evidence admitted before you for a limited purpose may not be considered for any purpose other than the limited purpose for which it was admitted.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did not adopt, the assertion is not evidence of that fact. You should not consider or

JURY CHARGE – 2

be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the Court to rule on those objections in accordance with the law.

You are not bound by any opinion that you might think I have concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions to you should suggest or convey an intimation as to what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as by an eyewitness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

JURY CHARGE – 3

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

JURY CHARGE – 4

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Unless you are instructed otherwise, Burkins has the burden of proving each essential element of his claim by a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. To establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so. If the proof fails to establish any essential part of Burkins's claim by a preponderance of the evidence, you should find for Rudloff.

Rudloff has the burden of proving each essential element of an affirmative defense by the preponderance of the evidence. If the proof fails to establish any essential part of

JURY CHARGE – 5

Rudloff's affirmative defense by a preponderance of the evidence, you must find that the affirmative defense does not apply.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

### EXCESSIVE FORCE

In this action, Burkins claims that Rudloff violated his constitutional rights by using excessive and unnecessary force to arrest him. As a result of Rudloff's actions, Burkins claims that he suffered injury for which he seeks damages.

Rudloff denies that any of his actions during the time in question violated Burkins's constitutional rights. Rudloff claims that he was acting in good faith and with probable cause. Rudloff further claims that he was not guilty of any fault or wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his claim under this statute, Burkins must establish by a preponderance of the evidence each of the following elements:

JURY CHARGE – 6

(1) Rudloff intentionally committed acts which operated to deprive Burkins of a right secured by the Constitution of the United States;

(2) Rudloff acted under color of the authority of the State of Texas;

(3) that Rudloff's acts were the legal cause of Burkins's damages.

In this case you are instructed that Rudloff was acting under color of state law at the time of the acts complained of. Burkins alleges that Rudloff used excessive force in arresting him.

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that the defendant used excessive force in violation of the Fourth Amendment, Burkins must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If Burkins fails to prove any one of these elements, you must find for Rudloff.

Some of the things you may want to consider in determining whether Rudloff used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by Rudloff, and (5) any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome

JURY CHARGE – 7

resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

**QUESTION NO. 1**:

Did Roger Rudloff, acting under color of state law, intentionally deprive Keith Burkins of a right, privilege, or immunity secured or protected by the Constitution or laws of the United States?

**Answer "Yes" or "No."**

_No_

If your answer to Question No. 1 is "yes," then proceed to the following questions. Otherwise do not answer the following questions.

## AFFIRMATIVE DEFENSE

If you find that Burkins has proven his claim, you must then consider Rudloff's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that Rudloff is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. It is clearly established that the Fourth Amendment of the Constitution protects citizens from the use of excessive force during an arrest.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that Burkins has proved either (1) that Rudloff was plainly incompetent or that (2) Rudloff knowingly violated the law regarding Burkins's constitutional rights, you must find for Burkins. If, however, you find that Rudloff had a reasonable belief that his actions did not violate Burkins's constitutional rights, then you cannot find him liable even if Burkins's rights were in fact violated as a result of Rudloff's objectively reasonable action.

## QUESTION NO. 2:

Did Roger Rudloff have a reasonable belief that his actions did not violate the constitutional rights of Keith Burkins?

**Answer "Yes" or "No."**

_____

JURY CHARGE – 9

If your answer to Question No. 2 is "no," then proceed to the following questions. Otherwise do not answer the following questions.

### DAMAGES

If Burkins has proven his claim against Rudloff by a preponderance of the evidence, you must determine the damages to which Burkins is entitled. You should not interpret the fact that I have given instructions about Burkins's damages as an indication in any way that I believe that Burkins should, or should not, win this case. It is your task first to decide whether Rudloff is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Rudloff is liable and that Burkins is entitled to recover money from Rudloff.

Burkins must also prove by a preponderance of the evidence that Rudloff's actions were a cause-in-fact of the damage that Burkins suffered. An action is a cause-in-fact of an injury or damages if it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damages. Burkins must also prove by a preponderance of the evidence that the act by Rudloff was a proximate cause of the damage Burkins suffered. An act is a proximate cause of Burkins's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act.

If you find that Rudloff is liable to Burkins, then you must determine an amount that is fair compensation for all of Burkins's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Burkins whole – that is, to

JURY CHARGE – 10

compensate Burkins for the damage that he has suffered. Compensatory damages are not limited to expenses that Burkins may have incurred because of his injury. If Burkins wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock, discomfort, and disfigurement that he has suffered because of Rudloff's conduct.

You may award compensatory damages only for injuries that Burkins proves were proximately caused by Rudloff's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Burkins's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Rudloff. You should not award compensatory damages for speculative injuries, but only for those injuries which Burkins has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Burkins prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

JURY CHARGE – 11

You may award damages for any bodily injury that Burkins sustained and any pain and suffering, disfigurement, and/or mental anguish that Burkins experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Burkins for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

**QUESTION NO. 3**:

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Keith Burkins for his damages, if any, proximately caused by the conduct found by you in your answer to Question No. 1?

**Answer in dollars and cents, if any, or "none":**

_____

### PUNITIVE DAMAGES

If you find that Rudloff is liable for Burkins's injuries, you must award Burkins the compensatory damages that he has proven. You also may award punitive damages, if Burkins has proved that Rudloff acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

JURY CHARGE – 12

**QUESTION NO. 4**:

Did Roger Rudloff act with malice or willfullness or with callous and reckless indifference to the safety or rights of others in the conduct found by you in your answer to Question No. 1?

**Answer "Yes" or "No."**

_____

If your answer to Question No. 4 is "yes," then answer Question No. 5. Otherwise do not answer Question No. 5.

If you determine that Rudloff's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. You may consider Rudloff's financial resources in fixing the amount of punitive damages.

JURY CHARGE – 13

**QUESTION NO. 5**:

What sum of money, if any, do you find from the evidence should be awarded to Keith Burkins from Roger Rudloff as punitive damages for the conduct found by you in Question No. 1?

**Answer in dollars and cents for punitive damages, if any, or "none."**

_____

JURY CHARGE – 14

## **JURY DELIBERATION**

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

Your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if you are convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge and the attorneys present their closing arguments, you will retire to the jury room. I will send exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

JURY CHARGE – 15

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will deliver the verdict to me.

During your deliberations the Court will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or questions to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you in person. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

SIGNED this ___3___ day of February, 2004.

_____
David C. Godbey
United States District Judge

JURY CHARGE – 16

## **VERDICT OF THE JURY**

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

DATED: February __3__, 2004.

_Thomas J. M'cDann_
_____
PRESIDING JUROR